### Niagara Shoe Company v. William W. Tobey.

1. CORPORATIONS—*Reduction of Capital Stock of, Must be Pro Rata.*
—The court holds that the statute authorizing a reduction of the capital stock of a corporation requires that equality between the several stockholders should be preserved, and that to accomplish such a reduction

with equality it must be made pro rata, as no other method would be fair or equitable, and therefore permissible, except by consent of those to be affected.

**Assumpsit,** on a subscription to the stock of a corporation. Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the November term, 1896. Affirmed. Opinion filed June 16, 1897.

LAWRENCE & LAWRENCE and WM. A. YOUNG, attorneys for appellant.

KIMBROUGH & MEEKS, and CALHOUN & STEELY, attorneys for appellee.

OPINION PER CURIAM.

Appellant brought assumpsit to recover of appellee $3,000 upon his subscription for thirty shares of the capital stock of said company.

The second special plea of defendant was as follows:

And for a further plea in this behalf, the defendant says that the plaintiff ought not further to have or maintain its aforesaid action against him, the defendant, because, he says, that after the making of the alleged subscription to the capital stock of plaintiff corporation, and after the alleged complete organization of the said corporation, and after the commencement of this suit, on, to wit, May 5, A. D. 1896, and without the consent, knowledge or sanction of this defendant, the capital stock of said corporation was, at a special meeting of the stockholders thereof, held for that purpose, two-thirds of the alleged stockholders therein voting in favor thereof, reduced to the sum of, to wit, $54,200, and that said capital stock was so reduced by releasing therefrom the subscription thereto of George W. Abdill, as trustee to the amount of, to wit, $45,800, and not by a pro rata reduction from the subscription of each and all of the subscribers to the capital stock of said corporation, as required by law; and defendant avers that no reduction was made from his subscription to the capital

stock of said corporation, and that such reduction of the capital stock and release from the subscription of the said George W. Abdill, as trustee, was to the injury of, and was made without the consent, knowledge or sanction of this defendant, whereby, and by means of the premises, the equality existing and intended to exist between the shareholders in said corporation was destroyed, and this defendant became and was released as a subscriber to the capital stock of said corporation, and his said subscription thereto became and was null and void, and this defendant is ready to verify; wherefore he prays judgment if the plaintiff ought to further have or maintain its aforesaid action against him, this defendant, etc.

To this plea the plaintiff filed a replication as follows:

And for replication to the second special plea by the defendant above pleaded, the plaintiff says *precludi non*, because, it says, that the defendant, as well as all other stockholders of said plaintiff, had knowledge and notice of said meeting of said stockholders to reduce the capital stock of said corporation, as in said plea mentioned, in this, that a notice properly addressed to defendant, signed by a majority of the directors of said corporation, stating the time and place of meeting and the object thereof, that is to say, for the purpose of reducing the capital stock of said corporation, as provided by the statute in such cases, was given the said defendant by depositing the same in an envelope, postage prepaid, in the postoffice at Danville, Illinois, being the postoffice address of defendant, at least thirty days prior to said meeting, and also by publishing a like notice for three successive weeks next before said meeting, in a newspaper published in the city of Danville, in said Vermilion county, being the county in which the principal business office of said corporation was then located, and ever since has been located, and this plaintiff is ready to verify, etc.

The court sustained a demurrer to this replication and gave judgment against the plaintiff for cost. The record is brought here on the appeal of the plaintiff, and error is

assigned upon the action of the court in sustaining the demurrers to said replication.

The defense set up by the plea was as to the mode by which the reduction of the capital stock was effected, that is, by releasing the subscription of Abdill as trustee to the amount stated, no reduction whatever being made on the subscription of other stockholders, which was really a release of Abdill's subscription, rather than a reduction of the capital stock of the corporation in the proper sense of the term.

We are inclined to agree with the position that the statute when it authorizes a reduction of capital stock, intends that the equality between the several stockholders should be preserved, and to accomplish the reduction with such equality it must be made pro rata. No other method would be fair or equitable, and no other would therefore be permissible except by consent of those to be affected.

The replication does not answer the defense interposed by the plea.

The meeting may have been called regularly, and every stockholder may have had due notice. It was the irregular action of the stockholders that is complained of, not an irregularity in their convocation.

It does not aid their illegal action to aver that they were duly convened.

The replication was not good and the demurrer thereto was properly sustained.

Judgment affirmed.